THE COUNTY OF HUDSON AND BOULEVARD COMMISSION
OF THE COUNTY OF HUDSON, PROSECUTORS, v. THE
CIVIL SERVICE COMMISSION OF THE STATE OF NEW
JERSEY AND THOMAS J. BROADHURST, RESPOND-
ENTS.

Submitted January term, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *J. Emil Walscheid.*

For the respondents, *Allan Benny.*

PER CURIAM.

Thomas J. Broadhurst, a lieutenant of the Hudson county Boulevard police, was convicted by the Boulevard commission of violation of a rule of the commission which prohibits police officers from recommending bondsmen or the employment of attorneys to prisoners, and was sentenced to demotion from the position of lieutenant to the rank of a patrolman. On appeal to the civil service commission this was set aside and Broadhurst was restored to his former rank and pay.

Under the writ of *certiorari* allowed herein the Boulevard commission contends that the proceeding before the civil

service commission was illegal and unlawful in that the proofs were taken before Commissioner Ruhlman alone, and also that under the evidence the commission was not justi-. fied in making the order of restoration.

An examination of the record discloses that the hearing came on before Commissioner Ruhlman sitting alone. When the evidence was about to be taken Mr. Reich, counsel for the Boulevard commission, objected to the taking of testimony and insisted upon the hearing being rested upon the testimony taken before the Boulevard commission, and this. apparently was done with the consent of both sides. At the close of the case counsel for the commission stated that he was satisfied to "submit this record to his honor [Ruhlman] for review and for decision."

It, therefore, appears that the irregularity of hearing before a single commissioner, if irregularity it was, was waived by the prosecutors. The statute, however, we think is adequate to empower the commissioner sitting alone to hear the evidence. Section 64 of the Civil Service act (*Comp. Stat.,* p. 3797) authorizes the commission "to make investigations, either sitting as a body or as a single commissioner, concerning all matters touching the enforcement and effect of the act and the rules and regulations prescribed thereunder * * * and in the course of such investigations each commissioner and the chief examiner shall have power to administer oaths and affirmations and to take testimony." The testimony was, therefore, properly presented to Commissioner Ruhlman, sitting alone, and the order of the commissioner based thereon was, we think, in strict conformity with the statute.

Without going into the remaining question *in extenso* it is sufficient to say that the evidence amply justified the conclusion reached by the respondents on the merits of the case.

The order is affirmed, with costs.